IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLY RAYNE McCLENDON-LEMMAN, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-1338-P-BP |
| TARRANT COUNTY COLLEGE, NORTHEAST CAMPUS, | § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Plaintiff Shelly Rayne McClendon-Lemman, proceeding *pro se*, has filed a civil case along with a motion for leave to proceed in forma pauperis. The undersigned was preliminarily assigned pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Shelly Rayne McClendon-Lemman is the plaintiff. She has named as defendant Tarrant County College, Northeast Campus.

C.   LEGAL ANALYSIS

Plaintiff accompanied her complaint with a completed long-form motion/application to proceed in forma pauperis under 28 U.S.C. § 1915 *et. seq.* ECF No. 2. The fully completed

motion/application includes the income and asset information for both Plaintiff and her spouse. In making the in-forma-pauperis determination, the Court may consider the total monetary resources available to assist Plaintiff, and "it is appropriate to consider a spouse's income." *Muhammad v. La. Att'y Disciplinary Bd.*, No. 09-3431, 2009 WL 3150041, at *1 (E.D. La. Sep. 25, 2009); *see, e.g.*, *Montiel v. Wyndham Anatole Hotel*, No. 3:03-cv-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (denying request to proceed in forma pauperis where plaintiff and spouse had combined monthly income of $3,360 and $700 in a bank account); *Mann v. Frank*, No. 90-1122-cv-W-5, 1992 WL 219800, at *3-4 (W.D. Mo. Sept. 2, 1992) (considering plaintiff and her husband's equity in real property, their ownership of automobiles, and combined family income of $70,000 per year in rejecting in forma pauperis petition).

A review of the financial information submitted in the completed long-form motion/application (ECF No. 2 at 1-2) reflects that Plaintiff has received $5,250 in monthly employment and self-employment income, but she anticipates that amount reducing to $3,000 a month. In one section of the motion/application Plaintiff lists her spouse's income as $9,600 and in another $6,000. *Id.* at 2. The Court will make the determination using the lower income amount, $6,000 in monthly income for Plaintiff's spouse. Plaintiff and her spouse have five dependent children. The applicable poverty guideline for a family of seven is $40,120. At a total income of $9,000 a month, Plaintiff's total annual household income is $108,000, far above the poverty level for a family of seven. The information in Plaintiff's motion/application shows that she has sufficient resources available to pay the applicable filing and administrative fees. Thus, after review and consideration of her motion/application to proceed in forma pauperis, the undersigned finds that the motion to proceed IFP should be denied.

RECOMMENDATION

It is, therefore, **RECOMMENDED** that United States District Judge Mark T. Pittman **DENY** Plaintiff's motion to proceed in forma pauperis.

It is further **RECOMMENDED** that Judge Pittman inform Plaintiff that her complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Plaintiff pays to the clerk of Court the applicable filing and administrative fees of $402.00 within seven (7) days after his order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

**SIGNED** on December 15, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE