IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHELLY RAYNE MCCLENDON-LEMMAN, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-1338-P |
| TARRANT COUNTY COLLEGE, | § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Pending before the Court is Defendant Tarrant County College's Motion to Dismiss for Plaintiff's Failure to State a Claim [doc. 16], filed March 2, 2022. Having carefully considered the motion, response, and all relevant applicable law, the Court recommends that Defendant's motion be **DENIED**.

## I. BACKGROUND

On January 21, 2022, *pro-se* Plaintiff Shelly Rayne McClendon-Lemman filed her Amended Complaint, which is the live pleading before the Court. In the Amended Complaint, Plaintiff states:

> I'm a whistleblower and have been retaliated against and have been discriminated against. In 2017, a black instructor abused and bullied several of our special needs' students. Many instructors informed our black supervisor, but nothing was done. A few of us made a formal complaint to a black HR employee and she took no action; her black director also did nothing. In 2018, our new black supervisor fired all of the white instructors. She, 3 days later, clawed it back saying the firing was a[n] accident. Since then, black instructors have been getting more hours than the white instructors (although I'm the only which [sic] teacher left).

(Plaintiff's Amended Complaint (Pl.'s Am. Compl.") at 2.) Plaintiff attached multiple documents to her Amended Complaint, including: (1) a letter dated October 20, 2020 from Lauren H. McDonald from the Office of the Associate General Counsel at Tarrant County College ("TCC")

1

to Sandra Taylor at the Equal Employment Opportunity Commission ("EEOC") regarding the EEOC Charge filed by Plaintiff against TCC (Appendix to Pl.'s Am. Compl. ("Pl.'s App.") at 12-1, pp. 1-4); (2) Plaintiff's response to the October 20, 2020 letter (Pl.'s App. at 12-2, pp. 1-5); (3) a Fact Finding Report dated November 14, 2019 from Kathy Fragnoli ("Fragnoli"), President of The Resolution Group, to Susan Alanis ("Alanis"), the Chief Operating Officer at Tarrant County College District regarding complaints concerning Jerry Zumwalt ("Zumwalt"), the Executive Director of the CEE Program at the Northeast Campus (Pl.'s App. at 12-3, pp. 1-44); and (4) a Fact Finding Report dated December 1, 2019 from Fragnoli to Alanis regarding issues[1] related to Debra Sykes-West ("West"), who was formerly a Director and now a Coordinator for the CEE Program (Pl.'s App. at 12-4, pp. 1-48).

In its Motion to Dismiss, Defendant first argues that Plaintiff fails to state a claim upon which relief can be granted. (Defendant's Memorandum in Support of Motion to Dismiss for Plaintiff's Failure to State a Claim ("Def.'s Br.") at 1-3.) Specifically, Defendant states:

> Here, Plaintiff's complaint does not provide defendant with fair notice of Plaintiff's claims. A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. Plaintiff's complaint includes factual allegations that do not show a right to relief that is plausible. Specifically, Plaintiff makes a conclusory allegation that "black instructors have been getting more hours than white instructors." Even if this factual allegation was assumed to be true, it does not show a right to relief that is more than mere speculation. Plaintiff's vague and conclusory allegations of retaliation and discrimination is presumably based upon alleged conduct that occurred in 2017 and 2018. However, Plaintiff's complaint does not make any factual allegations supporting her conclusion that the actual reason for <u>her</u> getting less hours was discriminatory.

(Def.'s Br. at 2-3 (internal citations omitted).)

---

[1] According to Fragnoli, based on her first report regarding Zumwalt, many concerns were raised about West's "interactions with employees in the department—particularly as they relate to [West's] involvement in the termination of four Caucasian employees in the Skills Training Enrichment for Promoting Success department (STEPS)." (App. at 12-4, p. 1.)

2

Alternately, Defendant argues that Plaintiff's claims are untimely. In support, Defendant claims:

> Here, Plaintiff filed a charge of discrimination with the Fort Worth Humans Relations Commissions against [Defendant] on August 14, 2020. Accordingly, Plaintiff may not base a [Texas Commission on Human Rights Act ("TCHRA")] or Title VII claim on discrete acts of discrimination that occurred prior to February 16, 2020 (TCHRA) and/or October 19, 2019 (Title VII). That would exclude all of the events alleged by Plaintiff except her allegation that she has allegedly gotten fewer hours based on her race—a conclusory allegation, as shown above, that is not supported [by] any facts pled in her complaint. Furthermore, Plaintiff's retaliation claim based on the reporting of abuse by an instructor should be dismissed because Plaintiff does not plead protected activity that is protected by Title VII or the TCHRA.

(Def.'s Br. at 3-4.)

In her response, Plaintiff argues that she did state a claim and that her claim "is retaliation and discrimination against me by Tarrant County College by giving black instructors more hours than me." (Plaintiff's Response ("Pl.'s Resp.") at 1.) In addition, Plaintiff states, "I have so many more issues, but this is the one at hand."

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Court may consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Texas Health and Hum. Servs. Comm. v. United States,* 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (citations are internal quotation marks omitted).

## III. ANALYSIS

### A. <u>Discrimination and Retaliation Claims</u>

The first issue is whether Plaintiff has stated claims against Defendant for retaliation and discrimination under Title VII.[2] While Plaintiffs' factual allegations must "'raise the right to relief above the speculative level,' the Fifth Circuit has instructed courts to 'hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints.'" *Hendrix*, 2021 WL 3040776, at *7 (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016 (per curiam)).

Successful retaliation and discrimination claims in cases under Title VII based on circumstantial evidence must satisfy the familiar *McDonnell-Douglas* burden-shifting framework. *See Yancy v. U.S. Airways, Inc.*, 469 F. App'x 339, 343 (5th Cir. 2012) ("To establish a claim for retaliation under Title VII, the Court applies a *McDonnell Douglas* approach."); *Mohamad v. Dallas Cty. Comm. College Dist.*, No. 3:10-CV-1189-L-BF, 2012 WL 4512488, at *5 (N.D. Tex. Sept. 28, 2012) (applying modified *McDonnell-Douglas* framework to retaliation and discrimination claim). "At the motion to dismiss stage, [however,] 'a plaintiff need not submit evidence to establish the prima facie case for discrimination [or retaliation],' but 'she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible.'" *Hendrix v. iQor Inc.*, No. 3:20-cv-0437-N-BT, 2021 WL 3040776, at *5 (N.D. Tex. June 7, 2021) (quoting *Davis v. Tex. Health & Hum. Servs. Comm'n*, 761 F. App's 451, 454 (5th Cir. 2019) (per curiam)).[3]

---

[2] Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. 2000e-2(a)(1). Additionally, an employer is prohibited from retaliating against an employee because of the employee's opposition to "any practice made an unlawful employment practice" under Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]." *See* 42 U.S.C. § 2000e-3(a). A plaintiff may prove a claim of discrimination through direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

[3] While "the familiar *McDonnell Douglas* standard for evaluating employment discrimination [and retaliation] claims is an evidentiary framework, not a pleading standard[,]" "it can be helpful to reference that

5

To state a claim for discrimination under Title VII, a plaintiff must plead that she: (1) is a member of a protected class; (2) was qualified for the position she held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of her protected class. *Hendrix*, 2021 WL 3040776, at *5. Furthermore, to state a claim for retaliation, as relevant here, a plaintiff must plead that (1) she engaged in a protected activity,[4] (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *Cephus v. Texas Health and Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 830 (S.D. Tex. 2015); *see Hendrix*, 2021 WL 3040776, at *6.

In the instant case, Plaintiff alleges in her Amended Complaint that she, a white instructor, has been getting less hours than black instructors because she was white and as a result of retaliation for her prior conduct of informing her supervisor that a black instructor was abusing and bullying several students with special needs. In support of her claims, Plaintiff attached a large number of documents to her Amended Complaint, as set forth above, that provide additional allegations against Defendant in support of Plaintiff's claims, including that: (1) based on information Plaintiff received on August 20, 2022, a black instructor received "nearly triple the hours" that Plaintiff received (Pl.'s Am. Compl. at 12-2, p. 4) and (2) several Fact-Finding reports indicating that racial issues existed among the instructors and that Plaintiff had provided a witness statement complaining about "racial issues," students being bullied, and the fact she (and several

---

framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of his claim." *Milteer v. Navarro Cty., Tex.*, No. 3:21-CV-2941-D, 2022 WL 1321555, at *3 n.4 (N.D. Tex. May 3, 2022).

[4] "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (internal quotation marks omitted); *see* 42 U.S.C. § 2000e-3(a).

other white instructors) was fired and rehired with far fewer hours as a result of making such complaints (Pl.'s Am. Compl. at 12-4, p. 23-25).

Because an internal complaint of discrimination qualifies as a protected activity and a reduction in hours which results in a loss of pay can constitute an adverse employment action, the Court finds that, at least for purposes of a motion to dismiss under Rule 12(b)(6), Plaintiff has pled a *prima-facie* case of discrimination and retaliation. *See, e.g., Rodriquez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) ("An employee that files an internal complaint of discrimination engages in a protected activity"); *Turner v. Sw. Freight Lines, Inc.*, No. 3:14CV347TSL-JCG, 2015 WL 4077498, at *4 (S.D. Miss. July 6, 2015) ("A reduction in hours which results in a loss of pay can constitute an adverse employment action."). Consequently, the Court **RECOMMENDS** that Defendant's motion to dismiss for failure to state a claim for discrimination and retaliation be **DENIED**.

## B. Timeliness

As to the timeliness issues raised by Defendant, "[u]nder Title VII, a plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred of, if the plaintiff initially instituted proceedings with a state or local agency, within 300 days after the alleged unlawful employment practice occurred, or 30 days after receiving notice that the state or local agency has terminated the proceedings, whichever is earlier." *Hendrix*, 2021 WL 3040776, at *4 (citing 42 U.S.C. § 2000e-5(e)(1)). Plaintiff's Charge of Discrimination ("Charge"), a copy of which was attached to Defendant's motion to dismiss,[5] shows that it was

---

[5] Because the Charge of Discrimination was referenced in documents attached to Plaintiff's Amended Complaint and is central to her claim, such document can be considered in evaluating Defendant's motion to dismiss. *See Banks v. Hazlehurst City Schs.*, No. 3:15cv355-DPJ-FKB, 2016 WL 2654369, at *3 (S.D. Miss. May 4, 2016) ("The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are *referred to in the pleadings*, and are central to a plaintiff's claims."); *Arich v. Dolan Co.*, No. 3:11-cv-538-CWR-LRA, 2012 WL 2025202, at *4 (S.D. Miss. June 5, 2012).

7

filed by Plaintiff on August 14, 2020 to both the Fort Worth Human Relations Commission and the EEOC. (Def.'s Br. at Appendix ("App.") A.) In the charge, Plaintiff alleges discrimination based on race and retaliation and states that the earliest and latest dates of discrimination took place on May 5, 2020. (*Id.*)

Based on the foregoing, the Court cannot conclusively find, at least for purposes of a motion to dismiss, that Plaintiff did not timely file her Charge as it was filed on August 14, 2020 and alleges that the discrimination (which appears to be Plaintiff receiving less hours than black instructors) took place on May 5, 2020 (which was less than 180 days before Plaintiff filed her Charge). Consequently, the Court **RECOMMENDS** that Defendant's motion to dismiss based on timeliness issues be **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [doc. 68] be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 27, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED July 13, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE