UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHELLY RAYNE MCCLENDON-LEMMAN,**

  Plaintiff,

v.                                           No. 4:21-cv-1338-P

**TARRANT COUNTY COLLEGE,**

  Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

    United States Magistrate Judge Jeffrey L. Cureton issued Findings, Conclusions, and a Recommendation ("FCR") regarding Defendant's Motion to Dismiss for Failure to State a Claim ("Motion"). ECF No. 19. The FCR recommended that the Court deny Defendant's Motion because Plaintiff has adequately stated a claim for relief at the motion-to-dismiss stage. *Id.* at 7. Defendant then filed an Objection to the FCR. ECF No. 21.

    Having conducted a *de novo* review of the FCR, the Court **DENIES** Defendant's Motion, **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 19), and **OVERRULES** Defendant's Objection (ECF No. 21).

### BACKGROUND

    This case arises from Plaintiff's employment with Defendant as an instructor. *Pro-se* Plaintiff filed her Amended Complaint in January 2022, alleging discrimination and retaliation by Defendant under Title VII and the Texas Commission on Human Rights Act. ECF No. 19 at 1. Plaintiff alleges that she suffered a reduction in hours after making an internal complaint with Defendant regarding another instructor's mistreatment of special-needs students. *Id.* The motive behind this adverse action, Plaintiff alleges, is racial discrimination, as the internal

complaint she made with Defendant was against a black instructor. *Id*. Following the internal complaint and the appointment of a new black supervisor, Plaintiff alleges she was erroneously fired due to her race. *Id*. After Plaintiff's supposed firing, she alleges that her supervisor informed her that the firing was a mistake. *Id*. However, Plaintiff alleges that, after this incident, she received fewer hours than black instructors. *Id*.

Defendant moves to dismiss Plaintiff's claims, arguing that Plaintiff (1) fails to state claims of retaliation and discrimination against Defendant under Title VII, and (2) did not timely file her charge with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 2–3. Magistrate Judge Cureton recommended that Defendant's Motion be denied on both grounds. *Id*. at 7–8. In response, Defendant objected to the FCR for three reasons. *See* ECF No. 21. *First*, Defendant contends that Plaintiff's internal complaint about another instructor cannot serve as the basis for her Title VII claim. *Id*. *Second*, Defendant argues that the Magistrate Judge should have conclusively determined that Plaintiff's claim is time-barred. *Id*. *Third*, Defendant asserts that Plaintiff's claims cannot arise from discriminatory conduct that was not included in her charge. *Id*. Magistrate Judge Cureton's FCR and Defendant's Motion are both ripe for the Court's consideration.

## LEGAL STANDARDS

### I. Review of a Magistrate Judge's Recommendations

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id*.

### II. Motion-to-Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a plaintiff's challenged claim if it fails to provide both fair notice of the claim and plausible factual allegations to support it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) must be read alongside Rule 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing a complaint, the court must accept all well-pleaded

2

facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

The court need not, however, accept conclusory statements as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). After disregarding any conclusory statements, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663. In the context of *pro se* plaintiffs, the court should "hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th cir. 2016 (per curiam)).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). The court may also consider a "written document that is attached to a complaint as an exhibit" as well as "documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tex. Health and Hum. Servs. Comm. v. United States*, 193 F. Supp. 3d 733, 738 (N.D. Tex. 2016) (Godbey, J.).

## ANALYSIS

Defendant raises three objections to the Magistrate Judge's FCR.

*First*, Defendant contends that the Magistrate Judge erred in allowing the internal report to be the basis of Plaintiff's claim because the complaint did not focus on discrimination and thus was not a protected activity. *See* ECF No. 21 at 2. Specifically, Defendant relies on *Washington v. M. Hanna Const. Inc.* to assert that a plaintiff's use of an internal complaint process to report conduct that falls outside of Title VII is a non-protected activity. *Id.*

The Court agrees that the mere involvement of an internal complaint is insufficient to qualify as a protected activity. But the record here

indicates that Plaintiff's internal complaint addressed an alleged pervasive practice of Defendant that inherently involved racial preference. For example, Plaintiff's Amended Complaint included an attached witness statement that complained of racial issues between the instructors, and how this problem was intertwined with complaints of student bullying by one instructor directed at another. *See* ECF No. 12-4 at 25–26. Given that this case is at the motion-to-dismiss stage, the Court must accept as true the alleged pervasive, intertwined nature of the student-bullying complaints and racial relations between the instructors. Meaning, while the subject matter of Plaintiff's internal complaint may not facially indicate that it was opposing practices rendered unlawful by Title VII, the reality is that it was an internal complaint of discrimination based on the facts alleged by Plaintiff and taking the same as true.[1] As a result, the Court **OVERRULES** this objection.

*Second*, Defendant argues that the Magistrate Judge should have conclusively determined that Plaintiff failed to timely file her charge of discrimination, despite being at the motion-to-dismiss stage. ECF No. 21 at 3. The Court disagrees. Under Title VII, a plaintiff must file a charge with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days after the alleged unlawful employment practice occurred if the plaintiff initially instituted proceedings with a state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1). Plaintiff's charge indicates that the earliest and latest date of discrimination was May 05, 2020. ECF No. 16, Ex. A. Plaintiff filed her charge on August 14, 2020. *Id.* Taking these nonconclusory allegations as true, Plaintiff's filing of her charge was timely and in compliance with § 2000e-5(e)(1) regardless of the timeline that Defendant has chosen to object under (which appears to be the 300-day timeline). The Court thus **OVERRULES** this objection.

---

[1] *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (defining a protected activity as opposition to any practice rendered unlawful by Title VII); *see also Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 191 (5th Cir. 2001), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 (2003) (indicating that an employee who files an internal complaint of discrimination engages in a protected activity).

*Third*, Defendant asserts that the Magistrate Judge erred in allowing Plaintiff to base her claim of adverse employment action taken against her on allegations that were not stated in her charge. *See* ECF No. 21 at 3–4. Defendant's argument on this point lacks merit. The United States Court of Appeals for the Fifth Circuit weighed the policies behind Title VII and the administrative-exhaustion requirement in the very case that Defendant cites to the Court—*McClain v. Lufkin Indus., Inc.*. 519 F.3d 264, 273 (5th Cir. 2008). The Fifth Circuit stated that, while courts should not condone lawsuits that exceed EEOC exhaustion, EEOC complaints must be construed broadly to best effectuate the purposes of Title VII. *Id.* Indeed, Title VII "was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship." *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). Courts should therefore allow allegations to be pled in Title VII lawsuits as long as they are "like or related to allegation[s] contained in the charge and growing out of such allegations during the pendency of the case." *Id.*

Here, Plaintiff's Amended Complaint alleges that Defendant's lessening of her hours following her internal complaint of discrimination was the adverse employment action taken against her. *See* ECF No. 12-2 at 4. Her charge, however, alludes that the adverse employment action against her was Defendant's mistaken firing of her, not the reduction in hours. ECF No. 16, Ex. A. But other statements in Plaintiff's charge indicate the relatedness of Plaintiff's allegations between the Amended Complaint and charge. For example, Plaintiff states, "I believe management is setting me up for another discharge," from which a reduction in hours can be inferred. *Id.* Similarly, Plaintiff's attached witness statement alleges a similar practice of a mistaken firing and a later reduction in hours. *See* ECF No. 12-4 at 25–26. Therefore, construing the allegations of Plaintiff's charge broadly, the Court **OVERRULES** Defendant's objection on this point.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR, Defendant's Motion, and Defendant's Objection, the Court **DENIES** the

Motion, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Defendant's Objection.

    **SO ORDERED** on this **23rd day** of **September 2022.**

*[signature]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE